### NEW YORK, L. E. & W. R. Co. *v.* THE BREAKWATER.[1]

### OLD DOMINION STEAM-SHIP Co. *v.* THE PAVONIA.

*(District Court, E. D. New York. May 23, 1889.)*

COLLISION—BETWEEN STEAMERS—DELAY IN BACKING.

A steam-vessel, which is bound to keep out of the way of another steam-boat, will be held in fault if collision happen through her delay in backing, where the circumstances of wind and tide and signals exchanged were sufficient to have shown her that such backing could not be delayed without risk of collision.

In Admiralty. Cross-libels for damages by collision.

The steam-ship Breakwater was coming into the North river from sea, and as she approached her dock hauled in somewhat to the New York piers. The tide was ebb, and a strong north-west wind was blowing. When the Breakwater was still several piers below the Pavonia ferry-slip, the ferry-boat Pavonia was seen coming out of her slip on the New York shore. The ferry-boat immediately blew one whistle to the Breakwater, indicating that she would cross the latter's bow, to which signal the Breakwater agreed by one whistle, and stopped, but did not back until the ferry-boat had again signaled once, when the steamer reversed. But the tide and wind carried the ferry-boat somewhat down stream, and the boats came in collision, the stem of the steamer striking the port side of the ferry-boat. Cross-libels were filed for the resulting damages.

*Wilcox, Adams & Macklin,* for the Pavonia.

*Owen & Gray,* for the Breakwater.

BENEDICT, J. It is proved that the Breakwater, although she stopped her engine, did not then reverse it. It is also proved that if the engine of the Breakwater had been reversed as soon as possible after it was stopped there would have been no collision. The Breakwater, having the ferry-boat on her starboard side, and upon a crossing course, was bound to do all in her power to avoid striking the ferry-boat as she crossed. It was in her power to reverse the engine sooner than she did, and by so doing to have avoided striking the ferry-boat as she did. The

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

circumstances of wind and tide and the signals exchanged were sufficient to show to those in charge of the Breakwater that reversing the engines of the Breakwater could not be delayed without risk of collision. The delay that occurred in reversing the engines of the Breakwater was therefore a fault, and renders the Breakwater responsible for the collision that occurred. The ferry-boat was guilty of no fault.